

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:-

Opinion No. O-2024
Re: May the display beer sign, as
described, be lawfully used in
the manner requested?

We are in receipt of your letter of recent
date pertaining to the use by a beer dealer of the
display device, described below, to be loaned by
the beer manufacturer. The description of the dis-
play device and the manner of its lending is stated
to be as follows:

"1. The cost of the display is $3.25.

"2. Its dimensions are 20" x 20½", with
a height of 37-3/4".

"3. It is constructed of metal with va-
rious advertising messages appearing there-
on, and is a stand in which bottles and
cases of beer may be displayed.

"4. It will never become the property
of the retail dealer and will not be per-
manently located in any one place of bus-
iness.

"5. It will be used only in stores which
sell beer for consumption off the premises."

Article 667-24 (1) (c) of the Penal Code
(Section 24, Article II of the Texas Liquor Control

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Act), reads, in part:

> "It shall be unlawful for any manufact-
> urer or distributor directly or indirectly
> or through a subsidiary or affiliate, any
> agent or any employee, or by any officer,
> director, or firm member: * * * to furnish,
> give or lend any money or other thing of
> value, except signs, or to extend unusual
> credit terms, to any person engaged in sell-
> ing brewery products for consumption on or
> off the premises where sold * * * "

We note from the copy of your administrative
interpretations of various provisions of the Texas
Liquor Control Act, that you have held:

> "The following items have some utilitar-
> ian value, but when bearing prominently dis-
> played, the advertisement of the business
> or brand name of any manufacturer or distri-
> butor of beer, are considered by the Board
> as advertising novelties and not as equip-
> ment; viz: Beer drinking glasses, table beer
> mats, cap removers, menu cards, paper napkins,
> ash trays, service trays. The following
> items when bearing prominently displayed
> the advertisement of the business or brand
> name of any manufacturer or distributor of
> beer, and when of a value not exceeding $10.
> each, are considered by the Board to be
> signs permissible under the law, viz: Ther-
> mometers, barometers, calendars, clocks,
> menu or license frames, mirrors having a
> surface not exceeding 300 square inches,
> outside benches."

Clearly, the device under consideration is
not a piece of equipment necessary in the operation
of a retail beer business, or something ordinarily
used in such business. Its outstanding purpose is
to advertise, and to suggest a certain type of beer

sale, the device itself being in no manner essential to the facilitation of such sale. It appears to be merely another method conceived by the manufacturer to advertise his product and encourage the sale thereof. It is our opinion that the device may be properly classified as an advertising sign and its use is not prohibited by the Texas Liquor Control Act.

Accordingly, you are advised that it is the opinion of this department, under the facts as stated above, that the display beer sign under consideration may legally be used in the manner described.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
                              Zollie C. Steakley
                                    Assistant

ZCS:ob       APPROVED MAR 15, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN